25 C.C.P.A.(Patents)

**FLORIDA CITRUS CANNERS COOPERATIVE v. CALIFORNIA FRUIT GROWERS EXCHANGE.**

**Patent Appeal No. 3928.**

Court of Customs and Patent Appeals.

March 28, 1938.

John F. Richter, Robert M. Gray, and Bernard F. Garvey, all of Washington, D. C., for appellant.

Leonard S. Lyon, Richard F. Lyon, and Frederick S. Lyon, all of Los Angeles, Cal., and Charles M. Thomas, of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

On September 29, 1934, appellant, a corporation organized under the laws of the state of Florida, filed an application in the United States Patent Office for registration of the notation "Sunny Mist" as a trade-mark for "Canned Citrus fruits and juices for food purposes," alleging use of the mark "since Sept. 17, 1934." The first letter "S" of the first word is larger than the other letters of that word, and the "M" in mist is of an unconventional style.

Following publication of the notice of application in the Official Gazette of the Patent Office, appellee filed notice of opposition, basing same upon its prior ownership, registration, and use of the notation "Sunkist" as a trade-mark for various citrus products, including oranges, lemons, grapefruits, and by-products, such as juices from the fresh citrus fruits.

The Examiner of Interferences, finding the goods of the respective parties to be "substantially identical," held that "the concurrent use of these marks in trade would be reasonably likely to result in confusion in trade," and sustained the opposition. Upon appeal, his decision was affirmed by the Commissioner of Patents, acting through an Assistant Commissioner.

Appellant thereupon brought the matter to this court for review.

No testimony was offered on behalf of appellant. On behalf of appellee a somewhat elaborate record consisting of testimony and various exhibits was presented.

As we view the case, the issue is a simple one which requires no elaborate discussion. Admittedly, the goods are of the same descriptive properties and the conclusion turns upon the similarity of the marks.

It is argued on behalf of appellant that its mark is dissimilar from the mark of appellee in that it consists of two words, the first of which has two syllables and the last of which, "Mist," differs in form and meaning from the suffix, "kist," of appellee's one-word, two-syllable mark, "Sunkist." It is also said in appellant's brief: "Since appellant's trade-mark is primarily used on grapefruit juices it may properly be construed to be suggestive of appellant's product. 'Mist' connotes moisture, and 'sunny' is colloquially interpreted to mean health, happiness, etc. Consequently, there is a decided difference in the meaning of appellant's and appellee's marks; in addition there is a difference in the so-called 'get up' of the two marks and in their use on labels."

Appellant also advances the somewhat novel argument that appellee's mark is so well and widely known that there would be little likelihood of confusion by the use of appellant's proposed mark.

In addition, there are cited a number of decisions by this and other courts where words bearing certain features of resemblance were held not to be confusingly similar.

All the arguments have been given respectful consideration, but we are unable to escape the conclusion that appellant's mark so closely simulates that of appellee as to bring it under the ban of the statutory provision, "That trade-marks which * * * so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers shall not be registered." Trade-Mark Act 1905, § 5, as amended, 15 U.S.C.A. § 85. In sound, unless very, very clearly enunciated, there is a similarity, and even in appearance there are points of resemblance, as, for example, the size of the first letter "S" in both marks. The "Sun" portion of the marks is identical and, to our minds, there is in these cases a certain dominance, at least of meaning, or suggestiveness, in this prefix.

Appellant directs attention to a quotation from a decision of the Commissioner of Patents in Ashland Refining Co. v.

514

United Collieries, Inc., 20 U.S.Pat.Q. 171, 24 T.M.Rep. 68: "There is a practical objection to the practice of extending trade mark protection too freely. It is extremely difficult today to adopt a mark that is new. * * * Over 300,000 trade marks are registered in the United States Patent Office and it has been estimated that only one out of five in actual use is registered. This would mean that over a million and a half trade marks are in use today. approximately three times as many as there are words in the English language. In view of rapidly advancing economic conditions care must be taken not to give to a trade mark an exaggerated scope of protection. * * *"

We do not attempt to interpret the meaning of the Commissioner in the foregoing, further than to say that evidently he did not regard it applicable in the instant case, and to add that we feel sure it was not intended by him to imply that closely resembling marks might be registered for application to merchandise of the same descriptive properties where confusion would likely result therefrom. That would be to disregard or nullify the statute.

The decision of the Commissioner of Patents is affirmed.

Affirmed.